### CLEMONS v. WORTMAN.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

1. PLEADING—RIGHT TO BILL OF PARTICULARS.

In an action for damages for discharging a bookkeeper, defendant answered that the bookkeeper had failed to account for certain funds, and, to cover up the deficit, had permitted and caused "numerous false and misleading entries, omissions, errors, erasures, and falsifications" to be made in defendant's books. *Held*, that plaintiff was entitled to a bill of particulars of the several items of omission, falsification, etc., and that an alternative order directing the bill, or else that the books be placed with the clerk for plaintiff's inspection, was inadequate.

Appeal from Special Term, New York County.

Action by Julia Clemons against Morris Wortman. From an order denying plaintiff's motion to compel defendant to separately state and number his causes of action, and in part denying her motion for a bill of particulars, she appeals. Modified.

Plaintiff sued, among other things, for damages for the wrongful discharge of her assignor by the defendant, constituting a violation of a contract of employment as bookkeeper. In his answer, defendant alleged that plaintiff's assignor, during his employment, had collected large sums of money belonging to defendant, and had failed to account for them, and "that, furthermore, the said C. [plaintiff's assignor], in violation and breach of his said employment and agreement, and for the improper purpose of covering up, keeping, and concealing such deficit from the said defendant, knowingly permitted and caused numerous false and misleading entries, omissions, errors, erasures, and falsifications to be made and to exist in the said books of account."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Benno Loewy, for appellant.
Benjamin N. Cardozo, for respondent.

PER CURIAM. With a single modification, we think that the order appealed from should be affirmed. The plaintiff, in paragraphs 5 and 7 of her demand for a bill of particulars, asked for the several items, alleged in the answer, of material "omissions, falsifications," etc., in the books of account; and the judge at Special Term required that they should be furnished, or, in the alternative, that the books of account be placed with the clerk of the court, and opportunity thus

given for the plaintiff to examine them. We think that giving access to the books, merely, would not enable the plaintiff to determine definitely what items the defendant claims are falsified or erroneously entered; and it certainly could not furnish information as to what items of moneys collected, which it is claimed should have been entered, were omitted. These particulars, therefore, should be given; and, unless the defendant furnishes such items, the plaintiff should have leave, after reply, to renew her motion for them, as well as for the items demanded in paragraph 6 of the demand for the bill of particulars, leave to apply for which, upon a new motion, was granted by the order appealed from.

In the manner indicated, the order should be modified, and, as so modified, affirmed, without costs.